769 P.2d 1148

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Larry Brad SANCHEZ, Defendant–Appellant.**

**No. 17166.**

Court of Appeals of Idaho.

March 7, 1989.

Alan E. Trimming, Ada County Public Defender, of Boise, for defendant-appellant.

Jim Jones, Atty. Gen. by Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

This is a sentence review case. In today's opinion, we uphold a prison sentence imposed for grand theft, and we comment on the relationship between the Unified Sentencing Act (I.C. § 19–2513) and the standards of sentence review articulated in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

The background facts may be summarized briefly. Larry Brad Sanchez has been convicted twice of grand theft. The first offense resulted in a grant of probation; but when the second grand theft occurred, Sanchez's probation was revoked and a suspended seven-year, indeterminate sentence was ordered into execution. We upheld that sentence in *State v. Sanchez,* 114 Idaho 387, 757 P.2d 250 (Ct.App.1988) (hereafter cited as *Sanchez I*). With respect to the second grand theft, which was committed after the effective date of the Unified Sentencing Act, Sanchez received a sentence of seven and one-half years, of which two and one-half years were prescribed as the minimum period of confinement. In response to a motion under I.C. R. 35, the district court subsequently reduced the minimum period of confinement to two years. This sentence, running concurrently with the sentence for the first grand theft, is the subject of the instant appeal.

Sanchez contends, as he did in the other appeal, that his sentence is excessive. Our standards of sentence review have been well established since we enunciated them in *State v. Toohill, supra.* The standards address two questions inherent in sentence review: (1) how to measure the probable duration of confinement under a prison sentence, and (2) what criteria to employ in determining the reasonableness of such confinement. Concerning the first question, we said in *Toohill* that one-third of the facial length of an indeterminate sentence would be treated as the presumptive measure of confinement, absent a contrary indication in the record. However, this one-third "rule of thumb" is no longer appropriate in cases where a minimum period of confinement has been specified by the judge under the Unified Sentencing Act. In those cases the minimum period generally will be treated as the probable measure of confinement for the purpose of sentence review. By focusing on this period, we do not wholly disregard the aggregate length of the sentence, nor do we suggest that a prisoner will be *entitled* to parole when the minimum period has elapsed; but we do recognize that he will be *eligible* for parole at that time.

As to the second question, in evaluating the reasonableness of the duration of confinement we continue to apply the substantive criteria articulated in *State v. Toohill:*

[A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all other related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

103 Idaho at 568, 650 P.2d at 710. To the extent that a minimum period of confinement represents the judicially determined "price" of a crime, the criteria of retribution and deterrence are particularly important. Conversely, insofar as the minimum period establishes a prospective time frame for institutional correction programs and for evaluation of the prisoner's eventual suitability for parole, the factors of rehabil-

itation and protection of society are applicable.

When we apply these criteria to a given case, we conduct an independent review of the record, focusing on the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). Here, the grand theft committed by Sanchez was a felony punishable by imprisonment up to fourteen years. I.C. § 18–2408. Sanchez was convicted after being arrested for entering two private residences and stealing jewelry. The prosecutor initially filed a four-count complaint against Sanchez, alleging two incidents of burglary and two related incidents of grand theft. However, after Sanchez was held to answer these charges in the district court, plea negotiations ensued. Pursuant to an agreement, the prosecutor filed an information alleging a single count of grand theft, to which Sanchez entered his plea of guilty.

Regarding the character of Sanchez, the record discloses that he had a criminal history consisting not only of the prior grand theft in *Sanchez I* but also of another burglary in 1981. In addition, he had a number of misdemeanor convictions, and his probation officer noted that he had not been performing well on probation in *Sanchez I*, even before he committed the crimes at issue here.

Sanchez requested leniency in sentencing, despite his prior record, because he feared that a personality characteristic (which need not be elaborated here) would subject him to an unusually great risk of harm in prison. The district judge dealt with this request, and articulated his reasoning for the sentence imposed, as follows:

> [The problem] basically, Mr. Sanchez, is history repeating itself with a number of problems that you've been in. I am not unsympathetic to some of your personality difficulties and the fact that at the penitentiary ... your propensity ... can be difficult not only for you ... but [also] as a management problem. However, my main concern is the fact that you've had enough opportunities, Mr. Sanchez.

> \*    \*    \*

> There needs to be punishment. There needs to be deterrence. Society needs to be protected to some degree. The mere fact that you have problems and are going to be a management problem cannot deter me from sending you to the penitentiary. That's their problem, it's something you need to work out with them, put them on notice of it and they have an obligation to try to maintain some kind of reasonably safe environment for you there. If that can't be done, it's going to be tested on a writ of habeas corpus, not ... through this Court giving you too lenient a sentence.

In our view, the judge's comments contained sound reasons for his sentencing decision. He explicitly adverted to the criteria of protecting society, retribution (or "punishment") and deterrence. Moreover, by setting the minimum period of confinement at just two and one-half years, and subsequently reducing it to two years, the judge provided both an opportunity and an incentive for Sanchez and correctional authorities to establish a meaningful program of rehabilitation aimed at a successful release on parole.

In sum, we conclude that the sentence was reasonable. In no sense could it be characterized as an abuse of discretion. The judgment of conviction, as modified by the order under I.C.R. 35, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.