771 P.2d 915

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Gregory ALEXANDER, Defendant–Appellant.**

**No. 17077.**

Court of Appeals of Idaho.

April 6, 1989.

David N. Parmenter, Blackfoot, for defendant-appellant.

Jim Jones, Atty. Gen. by Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is a sentence review case. Upon his pleas of guilty, Gregory Alexander stands convicted of forgery (two counts) and second degree burglary. On each forgery he received a fourteen-year sentence with a three-year minimum period of confinement. For the burglary he received a five-year sentence with the same three-year minimum period of confinement. The district court directed all sentences to run concurrently. Alexander contends that the sentences are unduly harsh. We affirm the judgment imposing the sentences.

Alexander was originally charged with three counts of forgery. After waiving a preliminary hearing in the magistrate division, and being released on his own recognizance, he failed to appear for arraignment in the district court. An amended complaint was filed, containing two additional counts of forgery and the charge of second degree burglary. All of the additional allegations arose from crimes Alexander allegedly committed while released on his own recognizance.

Alexander was returned to custody. After plea negotiations, he pled guilty on two counts of forgery and to the count of second degree burglary. The remaining charges apparently were dropped. A presentence report was prepared and a sentencing hearing was conducted. The district judge learned that Alexander had an

extensive criminal record in Tennessee and Idaho, comprised of burglary, larceny, petit larceny, shoplifting, defrauding an innkeeper and resisting arrest. Although Alexander refused to release information concerning his mental health history, he admitted that he had been committed at various times to State Hospital South in Idaho and to other mental health facilities elsewhere. The presentence report also disclosed an extensive history of substance abuse. The report contained no mental health evaluation. However, the defense did not object to the report or request such an evaluation. No issue in this regard has been raised on appeal.

■ The fourteen-year sentences for forgery and the five-year sentence for second degree burglary were within the maximum statutory penalties. *See* I.C. §§ 18–3604 (forgery) and 18–1403 (burglary). Where a sentence is statutorily authorized, we will not overturn it unless the sentence is unreasonable upon the particular facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982).

■ In evaluating the reasonableness of a sentence, we focus largely upon the probable duration of confinement. Generally, where a sentence has been imposed under the Unified Sentencing Act, I.C. § 19–2513 (effective February 1, 1987), the minimum period of confinement specified in the judgment will be treated as the probable measure of confinement for the purpose of appellate review. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989).

> By focusing on this period, we do not wholly disregard the aggregate length of the sentence, nor do we suggest that a prisoner will be *entitled* to parole when the minimum period has elapsed; but we do recognize that he will be *eligible* for parole at that time.

*Id.* 115 Idaho at 777, 769 P.2d at 1149 (emphasis original). Thus, the question in this case is whether the concurrent three-year minimum terms of confinement prescribed in the judgment are reasonable. Our review of that question is further guided by *Sanchez.* There, we commented on the continuing viability of the sentence re-

view criteria set forth in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Those criteria are the protection of society, general deterrence, retribution and rehabilitation. As we noted in *Sanchez:*

> To the extent that a minimum period of confinement represents the judicially determined "price" of a crime, the criteria of retribution and deterrence are particularly important. Conversely, insofar as the minimum period establishes a prospective time frame for institutional correction programs and for evaluation of the prisoner's eventual suitability for parole, the factors of rehabilitation and protection of society are applicable.

*Id.* 115 Idaho at 777, 769 P.2d at 1149.

Here, the district judge carefully considered the *Toohill* criteria. The judge concluded that society was in need of protection from the continuing pattern of criminal conduct which Alexander had displayed. The judge also noted that the prison sentences would serve the purpose of general deterrence. Moreover, the judge stated that placement at an appropriate facility within the correctional system could result in Alexander receiving psychological assistance (if needed), as well as job training and substance abuse counseling necessary to achieve his ultimate rehabilitation.

In our view, the district judge gave sound reasons for his sentencing decision. We conclude that the sentences are reasonable and that no abuse of the judge's discretion has been shown. The judgment imposing the sentences is affirmed.