776 P.2d 467

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jeffery Keith HOGGAN,
Defendant–Appellant.**

**No. 17755.**

Court of Appeals of Idaho.

June 27, 1989.

---

Gara Louise Newman, Rupert, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Pursuant to plea negotiations, Jeffery Keith Hoggan entered guilty pleas to second degree kidnapping, assault with intent to commit a serious felony and robbery, while being in possession of a firearm during the commission of each crime. Hoggan was sentenced to concurrent twenty-five year terms of imprisonment, having ten-year minimum periods of incarceration. The sole issue presented on appeal is whether the district court abused its sentencing discretion. We affirm.

Hoggan was originally charged with five criminal counts including rape, attempted infamous crime against nature, and first degree kidnapping. These charges arose out of an incident in Burley where Hoggan, armed with a sawed-off rifle, robbed a motel office. Hoggan then kidnapped the clerk and forced her to submit to sexual acts. Initially, Hoggan entered a plea of not guilty to all of the charges. After plea negotiations, the charges of rape and infamous crime against nature were dropped and the kidnapping crime was reduced. Hoggan then pled guilty to the amended charges.

Hoggan now contends that his concurrent sentences are excessive because the court refused to consider the possibility of rehabilitation. Hoggan notes that at the time of sentencing he was only nineteen years old, and although having committed several offenses as a juvenile, he had never previously received a sentence requiring incarceration. We acknowledge that Hoggan was of a young age at the time of sentencing and that the district court imposed a strict sentence. It is apparent, however, that the court was primarily concerned with the violent and egregious nature of Hoggan's crimes. The court also was acutely concerned with Hoggan's drug and alcohol abuse, and with the danger Hoggan posed if he were to be released.

The record shows justification for these concerns. Before sentencing, the court was furnished with a detailed psychological report and a presentence report. The psychologist's report, which has not been challenged in any way, expressed the opinion that Hoggan "is a rebellious, angry, hostile individual with poor impulse control and an inability to delay gratification." The report indicated further that Hoggan's use of drugs and alcohol, his "underlying resentment of authority" and other factors made Hoggan "a significant risk of danger to the public." The court paid particular attention to the psychological report and determined that a long period of incarceration was necessary to protect society. The court did place primary emphasis on the protection of society, deterrence, and retribution, but did not ignore the potential for rehabilitation.

**460**

Having reviewed the full record and having considered the sentence review criteria set forth in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), as well as *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989), we conclude that the district court did not abuse its discretion. The judgment of conviction imposing the sentences is affirmed.

WALTERS, C.J., and BURNETT, J., concur.