786 P.2d 578

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Richard David PENA,
Defendant–Appellant.**

**No. 17959.**

Court of Appeals of Idaho.

Jan. 24, 1990.

Gara Louise Newman, Rupert, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Richard Pena appeals from a judgment of conviction imposing a nine-year sentence for grand theft with a minimum three years incarceration. He contends the sentence is excessive. We affirm.

At approximately 2:00 a.m. on August 21, 1988, a security officer for a motel in Minidoka County near Burley, Idaho, reported observing an individual attempting to break into parked vehicles. The police officers called to the scene learned that the suspect had fled on foot. They found a vehicle in the lot which they believed to contain items removed from other vehicles. A records check indicated that this vehicle belonged to Richard Pena. The officers obtained a photo of Pena. They confronted him a little later when he came to the parking lot. The security officer positively identified Pena as the person he saw attempting to enter several vehicles. Pena was arrested. The owner of one of the burglarized vehicles described several valuable items missing from his vehicle. These items were discovered in Pena's vehicle by officers making a search. Pena's brief describes the search as "consensual."

Pena was charged with burglary in the first degree, attempted burglary in the first degree, and grand theft. He initially pled not guilty but later changed his plea to guilty on the count of grand theft. Pursuant to a plea agreement, the state dismissed the other two counts. The district court accepted Pena's guilty plea as being freely and voluntarily given and a presentence investigation report was ordered.

Pena appeared before the district court for sentencing in January, 1989. At this time Pena had been incarcerated in the Minidoka County jail since August 22, 1988. At the sentencing heáring, Pena requested probation in order to obtain counseling for his alcohol problem. The court considered all the circumstances and sentenced Pena to the custody of the Board of Correction for a total of nine years, three

years determinate followed by six years indeterminate.

On February 23, 1989, Pena filed a motion for reconsideration, correction and modification of sentence pursuant to I.C.R. 35. The same day he filed a notice of appeal from the judgment of conviction. The record of this appeal does not contain any order disposing of Pena's rule 35 motion. Pena's brief makes no mention of the motion and we assume the motion raises no separate issue from the one stated by Pena in this appeal.

■ Pena committed the offense after the effective date of the Unified Sentencing Act. I.C. § 19–2513. Therefore, Pena will be eligible for parole consideration when the three-year minimum period of incarceration has been served. "[T]he minimum period generally will be treated as the probable measure of confinement for the purpose of sentence review. By focusing on this period we do not wholly disregard the aggregate length of the sentence, nor do we suggest that a prisoner will be *entitled* to parole when the minimum period has elapsed; but we do recognize that he will be *eligible* for parole at that time." (Emphasis original.) *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App. 1989).

Pena does not assert that the sentence he received was unlawful or unauthorized. He merely asserts that his sentence was excessive. Here, Pena could have received a maximum determinate (fixed) sentence of fourteen years. I.C. § 18–2408. As imposed, the sentence was within its statutory constraints and, therefore, the sentence presumptively is not excessive.

■ To establish that a sentence is unreasonable, Pena must show that under any reasonable view of the facts his sentence was excessive in light of the primary objective of protecting society and achieving any or all of the related goals of deterrence, rehabilitation or punishment applicable to the case. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). In Idaho, the primary consideration in sentencing is the good order and protection of society. *Id.*

Pena asserts that the sentencing court did not take into account his alcohol problem, therefore, the sentence was unreasonable. However, as indicated by the presentence report Pena's criminal record demonstrates his long history of criminal violations. As a juvenile, Pena's offenses include first degree burglary, grand larceny, assault with a deadly weapon, and driving under the influence. Pena's adult record includes conviction for theft and burglary. He served time in prison for the burglary. In light of this record, the district court told Pena:

> [T]he tragedy about this thing is that your record is just so long and I think I have no choice but to impose some time in the penitentiary, if for no other reason than just simply to protect society. I would hope that there are new programs. I understand there has been new programs coming up there under these federal cases that would allow you to deal with this alcohol problem. But your record just simply indicates that you must be locked up to protect society from these kinds of activities, and that's a sad thing to do.

The sentencing judge's comments contain appropriate reasons for the term of incarceration imposed. We conclude that the sentence was reasonable and that no abuse of discretion has been shown. The judgment of conviction including the sentence is affirmed.

WALTERS, C.J., and BURNETT, J., concur.