788 P.2d 249

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Cecil Earl HIATT, Defendant–Appellant.**

**No. 18192.**

Court of Appeals of Idaho.

March 5, 1990.

Alan E. Trimming, Ada County Public Defender, Richard D. Toothman, Deputy Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., Boise, for plaintiff-respondent.

**PER CURIAM.**

This is a sentence review case. Cecil Hiatt appeals from a five-year indeterminate sentence with a minimum period of confinement of eighteen months, imposed for delivery of a controlled substance. The sole issue is whether the district court abused its sentencing discretion.[1]

Hiatt pled guilty to delivery of a controlled substance for a series of incidents in which Hiatt sold marijuana—in quantities up to one pound—to undercover police officers and agents. The presentence report indicates that Hiatt has at least one prior felony conviction. He was on probation at the time of his arrest in this case. Having reviewed the full record and having considered the criteria for sentence review set forth in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), and *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989), we conclude that the district court did not abuse its sentencing discretion.

We note that a correction to the judgment of conviction is necessary. The record shows that Hiatt pled guilty to delivery of a controlled substance. However, when imposing the sentence, the trial court stated "I do adjudge you guilty of the act of possession of a controlled substance with the intent to deliver." Nonetheless, the written Judgment of Conviction states that Hiatt was convicted of conspiracy to deliver a controlled substance, which corresponds with the charge filed against Hiatt. Because the controlled substance in this case was marijuana, the maximum penalties for delivery, for possession with intent to deliver, and for conspiracy to deliver would all be the same. I.C. §§ 37–2732; 18–1701. Although we uphold Hiatt's sentence as within the district court's sound discretion, we direct the court to amend the judgment pursuant to I.C.R. 36 to correctly

reflect the offense to which Hiatt pled guilty.

The sentence is affirmed.

1. While this appeal was pending, Hiatt filed a motion with the district court to reduce his sentence. The motion was denied. No separate issue with regard to that ruling has been raised in this appeal.