788 P.2d 254

STATE of Idaho, Plaintiff–Respondent,

v.

John Matthew LOPEZ,
Defendant–Appellant.

Nos. 17528, 17529.

Court of Appeals of Idaho.

March 5, 1990.

Stewart A. Morris, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

PER CURIAM.

This is a consolidated review of sentences received by the appellant, John Lopez, in two separate criminal prosecutions. In case no. 17528, a jury found Lopez guilty of aggravated assault. In the other case, no. 17529, a jury found Lopez guilty of aggravated battery and of first degree burglary; in addition, Lopez pled guilty to a charge of petit theft in the same case. For these offenses, Lopez received concurrent unified sentences, the two most lengthy being ten years each with two-year minimum periods of confinement. After these appeals were filed, motions by Lopez to reduce his sentences under I.C.R. 35 were denied. Lopez argues on appeal that his sentences are excessive and that denial of his motions to reduce the sentences was an abuse of the courts' discretion.[1] We affirm the judgments of conviction and the orders denying relief under I.C.R. 35.

The pertinent facts of case no. 17528 are as follows. Just after midnight on February 5, 1987, Lopez beat Curtis Cluff with a

---

1. Although these motions and correlative orders were omitted from the appellate record, we deem their absence of no consequence in light of our disposition of this appeal on the merits of the exercise of the district court's sentencing discretion.

blunt instrument in an alleyway in downtown Boise. While the victim lay prostrate on the ground, Lopez kicked him repeatedly. As a result of the beating, Cluff required medical attention for head injuries. The police arrested Lopez for aggravated assault following that incident.

After being released on bond pending trial for the aggravated assault of Cluff, Lopez entered a convenience store on the night of October 10, 1987, grabbed a case of beer and left the store without paying. Curtis Moon, an off-duty Caldwell police officer, gave chase after observing Lopez flee the store. According to the state's evidence—which the jury accepted—Moon cornered Lopez in an alleyway, identified himself as a police officer, and attempted to detain Lopez for suspicion of stealing the beer. When Moon tried to physically restrain Lopez, Lopez stabbed Moon in the abdomen with a knife. Moon sustained severe injuries to his colon that required surgery. He incurred medical expenses that totaled $10,053. As a result of that incident, Lopez was charged in case no. 17529 with petit theft, first degree burglary and with aggravated battery.

As noted, a jury found Lopez guilty of aggravated assault in case no. 17528. He was sentenced to five years with a one-year minimum period of confinement for the aggravated assault. In the other case, no. 17529, Lopez pled guilty to the petit theft charge and was found guilty by another jury of aggravated battery and of first degree burglary. He was sentenced to ten years with a two-year minimum period of incarceration for the aggravated battery and he was ordered to pay restitution for the victim's medical expenses. He also received a ten-year concurrent sentence with a two-year minimum confinement for the first degree burglary conviction. Finally, Lopez received a one-year concurrent sentence in jail for the petit theft conviction. The sentences in case no. 17529 were not only concurrent with each other but also concurrent with the sentence no. 17528. These appeals followed.

 The ten-year sentences for aggravated battery and first degree burglary are within the statutory maximums. I.C. §§ 18–908, –1403. The five-year sentence for aggravated assault is also within the statutory maximum (I.C. § 18–905) as is the one-year sentence for petit theft. I.C. § 18–2408. Absent a showing of clear abuse of discretion, a sentence within the statutory limits will not be disturbed on appeal. *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982).

 When evaluating the reasonableness of a sentence, we focus largely upon the probable duration of the incarceration. Where a sentence has been imposed under the Unified Sentencing Act, I.C. § 19–2513, the minimum period of confinement stated in the judgment will be treated as the probable measure of confinement for the purpose of appellate review. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App. 1989). In *Sanchez*, we explained how Unified Sentencing Act cases are reviewed under the sentencing criteria set forth in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). The *Toohill* criteria are the protection of society, general deterrence, retribution and rehabilitation. As stated in *Sanchez:*

> To the extent that a minimum period of confinement represents the judicially determined "price" of a crime, the criteria of retribution and deterrence are particularly important. Conversely, insofar as the minimum period establishes a prospective time frame for institutional correction programs and for evaluation of the prisoner's eventual suitability for parole, the factors of rehabilitation and protection of society are applicable.

*Id.* 115 Idaho at 777, 769 P.2d at 1149.

Lopez was sentenced first in case no. 17529. In that case, the judge noted from the presentence report that although Lopez did not have a previous criminal history of felony arrests, he had committed the two assaults within the same year, indicating "an apparent disregard for the safety and well-being of other people." The judge

noted that either incident could have resulted in a homicide instead of just serious injury. Reviewing Lopez' character and attitude toward other people, the judge determined that Lopez demonstrated a propensity for assaultive behavior, showing the likelihood of reoccurrence of similar crimes. The court concluded that society needed protection from Lopez. In case no. 17528, when Lopez was sentenced for aggravated assault, the judge there likewise noted the serious nature of the crime and the possibility that Lopez' assault could have resulted in a death. Aware that Lopez already had been sentenced in case no. 17529, the judge imposed a five-year concurrent term with a one-year minimum period of confinement. In both cases, Lopez' subsequent motions under I.C.R. 35—asking the courts to reduce his sentences through leniency, relying solely on the evidence considered at the sentencing hearings—were denied.

We have reviewed these proceedings in light of the principles announced in *Toohill* and *Sanchez, supra.* We conclude that Lopez' sentences are reasonable. We hold that neither judge abused his discretion in imposing the sentences in these cases or in denying relief under I.C.R. 35. The judgments imposing the sentences and the orders denying the rule 35 motions are affirmed.