789 P.2d 1150

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Jesse Ray JAGGERS, Defendant-Appellant.**

**No. 18030.**

Court of Appeals of Idaho.

April 5, 1990.

Fredericksen, Williams & Meservy, Jerome, for defendant-appellant. James C. Meservy, argued.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., argued, for plaintiff-respondent.

McQUADE, Judge, Pro Tem.

Jesse Jaggers seeks appellate review of his prison sentence for first degree murder. Jaggers pled guilty to first degree murder committed in connection with a robbery and attempted rape. On the murder charge, Jaggers was sentenced to life imprisonment with a twenty-five year "determinate" period of confinement. For the robbery charge, Jaggers received a concurrent sentence requiring confinement for ten years. The attempted rape charge was dismissed. Jaggers seeks a determination whether the minimum period of twenty-five years on the first degree murder conviction is excessive. We affirm.

To begin our analysis, we note the standard of review for a sentencing case. A sentence within the statutory limits will not be disturbed on appeal absent a showing that the sentencing judge abused his discretion. First degree murder carries a maximum penalty of death, if aggravating circumstances are present. Without aggravating circumstances, the sentencing judge must impose a sentence of life in prison. I.C. § 18–4004. Robbery is also punishable by life in prison. I.C. § 18–6503. Here, both sentences are well within the statutory maximum.

■ In accordance with the Uniform Sentencing Act, I.C. § 19–2513, the sentencing judge specified a minimum (or "determinate") period of confinement for the murder of twenty-five years. We use this

period of incarceration as the probable measure of confinement for the purpose of sentence review. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). In ascertaining whether the length of confinement is reasonable, we apply the substantive criteria set forth in *State v. Sanchez, supra,* and *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). The sentence is reasonable if it accomplishes the primary objective of protecting society and meets any or all of the related goals of deterrence, rehabilitation or retribution. The reasonableness of a sentence must be considered in light of the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982).

The conviction was based upon the allegation that Jaggers stabbed Virginia Westergren in a violent attack without provocation. The record suggests that Westergren was one of the few individuals who had attempted to befriend Jaggers. In the court's sentencing memorandum, the judge stated that the murder was atrocious and Jaggers possessed an utter disregard for human life.

The twenty-five year "determinate" confinement period was appropriate in light of Jaggers' character. The testimony of examining psychiatrists indicated that Jaggers lacked the capacity to anticipate the consequences of his actions. When making his sentencing decision, the judge relied upon Jaggers' lack of remorse and potential to commit future offenses.

Nonetheless, Jaggers objects to remarks made by the sentencing judge as to the victim's character. In his sentencing memorandum, the judge made a passing reference to the victim's good nature and character within the community. However, these statements were cursory in nature and were made in connection with the judge's explanation of the circumstances surrounding the crime. There is no indication that the sentence was impermissibly based on the victim's character.

Furthermore, in this case we need not reach the question of whether the judge was correct when he took into consideration the recommendations of the victim's family when determining the applicability of the death penalty. The issue is essentially moot because Jaggers was not sentenced to death.

■ Finally, Jaggers argues that the sentencing judge's justification for the sentence imposed is inconsistent with other remarks made by the judge. For instance, Jaggers points to the judge's comment on the minimum period of confinement. In that statement, the judge opined that Jaggers would be dangerous for at least ten years. Jaggers contends that this supports his position that the judge arbitrarily extended the minimum period of confinement from ten years to twenty-five years.

However, this allegation of inconsistency is refuted by the record itself. The sentencing judge's reference to ten years represents the best case scenario. The judge was merely pointing out that even if Jaggers received extensive therapy it would be at least ten years before Jaggers could be released into society. The judge then went on to explain that medical testimony indicated that a significantly longer sentence would be needed to reach Jaggers' violence "burn out" point. In making this statement, the judge was relying upon medical testimony which stated that violent criminals tend to "burn out" or become less violent upon reaching their mid-thirties. The judge also noted that because Jaggers might not be receiving specialized therapy in prison, it could not be assumed that only ten years would be needed to rehabilitate him. The judge concluded:

[A] mandatory minimum sentence of twenty-five years with credit for time already served will not only assure the public that Jesse will probably be past his "criminal burn-out period," but should also be long enough to enable the parole board to tell, if, in fact, he is still dangerous or not.

We believe that the judge's remarks are consistent and well supported by the

record. In sentencing Jaggers, the judge specifically articulated two of the sentencing goals while implicitly taking into consideration the remainder of the sentencing goals. In particular, he emphasized the need to protect society. Accordingly, we cannot say that the judge abused his discretion. The judgment imposing the sentence is affirmed.

BURNETT and SWANSTROM, JJ., concur.