798 P.2d 462
**STATE of Idaho, Plaintiff–Respondent,**

v.

**Calvin Lynn TILLMAN,
Defendant–Appellant.**

No. 18404.

Court of Appeals of Idaho.

Sept. 21, 1990.

Whittier, McDougall, Souza, Murray & Clark, Chartered, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty., Boise, for plaintiff-respondent.

PER CURIAM.

Calvin Tillman pled guilty to battery with intent to commit a serious felony, rape. I.C. § 18–911. The district court committed Tillman to the custody of the Board of Correction under a unified sentence of fifteen years with a twelve-year minimum period of confinement. Tillman appeals, contending his sentence is excessive. We affirm the judgment of conviction and sentence.

The facts are as follows. At approximately 11:30 p.m. on October 11, 1988, Tillman entered a church and inside, he encountered the victim—the church's female pastor. Tillman told the victim to "shut-up or I'll kill you." The two struggled. Tillman forced the victim to the woman's restroom in the basement of the church. There, Tillman forced the victim onto the floor and performed oral sex. Tillman at-

tempted vaginal and anal intercourse but was unsuccessful. Afterwards, Tillman tied the victim's wrists, took money from her purse and fled the building.

Tillman was apprehended and charged with several offenses: battery with intent to commit a rape; robbery; burglary in the first degree; and infamous crime against nature. Concern arose whether Tillman was competent to stand trial. The district court ordered Tillman to State Hospital South for a mental evaluation and suspended the criminal proceedings. In response to the order for mental evaluation, a clinical psychologist from State Hospital South concluded that Tillman was competent to stand trial and that he had the capacity to form the specific intent to commit the offense of rape. Subsequent to this determination, Tillman pled guilty to battery with intent to commit a serious felony, pursuant to a plea bargain agreement in which the other charges were dismissed.[1] The district court then sentenced Tillman.

Tillman filed a motion for reconsideration of his sentence under I.C.R. 35. The motion sought modification of the sentence and for authorization of treatment of Tillman's mental condition during his period of incarceration. Pursuant to I.C. § 19–2523, the district court granted Tillman's motion only with regard to authorization of treatment during the period of incarceration.[2] No separate appeal was taken from this order.

 Tillman argues that the sentence was excessive in light of his mental illness. A sentence within the statutory maximum will not be disturbed on appeal absent a clear showing that the district court abused its discretion. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). A sen-

tence may represent an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). When evaluating the reasonableness of a sentence we apply the substantive criteria articulated in *State v. Toohill, supra*. Furthermore, when examining a sentence imposed under the Unified Sentencing Act, the minimum period of confinement will be treated as the probable measurement of confinement for the purpose of sentence review. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). A term of confinement will be deemed reasonable to the extent it appears necessary to accomplish the *primary* objective of protecting society and to achieve any or all related goals of deterrence, rehabilitation and retribution. *State v. Toohill, supra*.

 Tillman maintains that he committed battery on the victim while he was suffering under delusions caused by his mental illness. He argues that his condition is treatable. Tillman contends that the district court placed too little emphasis on the rehabilitation criterion set forth in *Toohill*. Accordingly, Tillman maintains the sentence is excessive.

The record indicates that Tillman suffered from schizophrenia and a malady labeled "hyper-sexuality." The clinical psychologist's diagnosis attached to the presentence investigation report indicates that Tillman's psychotic disorders were of such a magnitude that long-term inpatient rehabilitation and treatment would be required in order to prevent further episodes of sexual misconduct. The presentence report confirmed that Tillman had an extensive criminal record for sex-related offenses in California, primarily in the nature of indecent exposure. He had served at least

---

1. The charge of first degree burglary had been dismissed voluntarily by the state prior to Tillman's appearance in district court.

2. The district court found that upon clear and convincing evidence:
 (a) the defendant suffers from a severe reliably diagnosable mental illness or defect resulting in the defendant's inability to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law;

 (b) without treatment, the immediate prognosis is for major distress resulting in serious mental or physical deterioration of the defendant;
 (c) treatment is available for such illness or defect;
 (d) the relative risks and benefits of treatment or nontreatment are such that a reasonable person would consent to treatment.
 *See* I.C. § 19–2523(2).

eight periods of incarceration in jail and two terms in the penitentiary at Chino. Evidently, Tillman was on parole from a sentence in California when he committed the battery in this case.

In sentencing Tillman, the district court noted that its primary concern was for the protection of society from any future misconduct by Tillman. The court also noted that proper medical treatment would be available for Tillman at the penitentiary during his period of incarceration. The district court's concern for Tillman's medical treatment is further evidenced by the district court's subsequent order granting in part Tillman's motion for reconsideration of his sentence. Accordingly, the record indicates that the district court gave proper concern for Tillman's rehabilitation, while noting that its primary objective was for the protection of society. The district court achieved both objectives with this sentence. In light of the above facts and the severity of the criminal act, we conclude that the district court's sentence was reasonable. Thus, the court acted within its discretion.

The judgment of conviction imposing a unified sentence of fifteen years for battery with intent to commit a serious felony, rape, is affirmed.