828 P.2d 333

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Terry Michael AUGER, Defendant–Appellant.**

**No. 19395.**

Court of Appeals of Idaho.

March 4, 1992.

Review Denied April 2, 1992.

Monte R. Whittier of Whittier, McDougall, Souza, Murray & Clark, Pocatello, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Terry Auger was charged with two counts of first degree burglary, one count of grand theft and one count of petit theft stemming from a March, 1991, incident. When two of the charges were dismissed, he pled guilty and was given two concurrent unified sentences of eight years, with two years fixed, imposed upon a conviction for first degree burglary and grand theft. I.C. §§ 18–1401, 02, 04; §§ 18–2403(1), – 2407(1)(b)(1). Auger appeals from the judgment of conviction and sentences. The sole issue raised on appeal is whether the district court abused its sentencing discretion. We affirm.

■ Auger contends that the district judge did not fully consider the goal of rehabilitation in sentencing him to a term of incarceration and in rejecting the recommendation of supervised probation. The presentence report revealed that Auger was an eighteen-year old college student with no prior felony convictions. The report, however, disclosed juvenile offenses, including theft of radios from state and county owned vehicles, as well as seven probation violations and a commitment to the custody of the Department of Health and Welfare. All of this conduct took place when Auger was seventeen years old. The judge was also apprised of Auger's activities in the Franklin County jail while awaiting sentencing, including an escape attempt assisted by a friend on the outside and substance abuse which Auger dismissed as being the idea of Cameron Christensen, who was in jail with Auger for his part in the burglary and theft.

■ Where a sentence is within the statutory limits, it will not be reversed on appeal absent an abuse of discretion. *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989). Here, Auger could have received fifteen years on the first degree burglary charge and another fourteen years on the grand theft charge. On review, we will not conclude that the sentencing judge abused his discretion unless the sentence is unreasonable under the facts of the case. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). Considering the sentencing criteria of *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982) and *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989), we conclude that the unified sentence of eight years, with two years fixed, is reasonable. We believe that the district judge applied the proper sentencing guidelines and that Auger has failed to show any abuse of discretion. The judgment of conviction and the sentences are affirmed.

WALTERS, C.J., and SILAK, J., concur.