**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37257**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2010 Unpublished Opinion No. 745** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: December 17, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ROBERT EARL DAMON,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In this case we are asked to review a unified sentence of four years, with a minimum period of confinement of one year, for removing a firearm from a law enforcement officer. We affirm.

Robert Earl Damon was found guilty of one count of removing a firearm from a law enforcement officer. I.C. § 18-915A. Following his plea, Damon was sentenced to four years, with a minimum period of confinement of one year. The district court retained jurisdiction for 180 days, and Damon was sent to participate in the rider program at the North Idaho Correctional Institution (NICI). After beginning the rider program, Damon repeatedly requested that he be allowed to serve his time rather than participate in the program. He received a DOR for failure to

1

participate and he threatened other offenders. After only twenty-seven days he was transferred out of NICI with a recommendation that the court relinquish jurisdiction.

The district court relinquished jurisdiction. Damon appeals, claiming that his sentence of four years, with a minimum period of confinement of one year, is excessive and constitutes an abuse of discretion.

Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

The record does not indicate that a unified sentence of four years, with a minimum period of confinement of one year, was an abuse of discretion in this case. Accordingly, the order of the district court relinquishing jurisdiction and Damon's sentence are affirmed.