**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38770**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 386 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 2, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TIM SAMUEL MOSER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in imposing and then declining to sua sponte reduce a unified sentence of ten years, with a minimum period of confinement of two years, for failure to register as a sex offender. We affirm.

Tim Samuel Moser pled guilty to one count of failure to register as a sex offender. I.C. §§ 18-8309, 18-8311. In exchange for his guilty plea, an allegation that Moser was a persistent violator was dismissed. Following his plea, Moser was sentenced to ten years, with a minimum period of confinement of two years. The district court suspended the sentence and placed Moser on probation. Following a violation of Moser's probation, the district court revoked probation, ordered execution of Moser's original sentence, but retained jurisdiction for 180 days. The

1

district court, thereafter, relinquished jurisdiction without reducing Moser's sentence. Moser appeals, claiming that his sentence of ten years, with a minimum period of confinement of two years, is excessive and constitutes an abuse of discretion.

Moser contends that the unified sentence ten years, with a minimum period of confinement of two years, is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

The district court found that probation was not an appropriate course of action in Moser's case, and the record does not indicate that a unified term of ten years, with a minimum period of confinement of two years, was an abuse of discretion. Accordingly, the order of the district court relinquishing jurisdiction and Moser's sentence are affirmed.