## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 40396

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 551 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 26, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ERICA SEANZ aka SAENZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In this case, we are asked to determine whether the district court by not sua sponte reducing a sentence upon relinquishment and whether a unified sentence of seven years, with a minimum period of confinement of two years, for possession of a controlled substance is excessive and constitutes an abuse of discretion. We affirm.

Erica Seanz pled guilty to one count of possession of a controlled substance. I.C. § 37-2732(c). In exchange for her guilty plea, an additional charge was dismissed and the state agreed not to pursue an allegation that Seanz was a persistent violator. Following her plea, Seanz was sentenced to a unified term of seven years, with a minimum period of confinement of two years. The district court retained jurisdiction, and Seanz was sent to participate in the rider program.

1

The district court, thereafter, relinquished jurisdiction. Seanz appeals, claiming that the district court erred by not sua sponte reducing her sentence upon relinquishment and that her sentence is excessive and constitutes an abuse of discretion.

Seanz also contends that the unified sentence of seven years, with a minimum period of confinement of two years, is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Seanz argues that all of the relevant goals of sentencing could have been accomplished with a lesser sentence. The record does not indicate that a unified term of seven years, with a minimum period of confinement of two years, was an abuse of discretion in this case. Furthermore, the record does not indicate that the district court abused its discretion by not reducing the sentence upon relinquishment of jurisdiction. Accordingly, the order of the district court relinquishing jurisdiction and Seanz's sentence are affirmed.