# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 40923/40981

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

CHANTEL RAYLENE TUCKER,

    Defendant-Appellant.

2014 Unpublished Opinion No. 693

Filed: August 25, 2014

Stephen W. Kenyon, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. John K. Butler, District Judge.

Orders of the district court relinquishing jurisdiction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

PER CURIAM

Chantel Raylene Tucker pled guilty to possession of methamphetamine, Idaho Code § 37-2732(c)(1) (Docket No. 40981). Tucker was accepted into drug court and expelled from drug court twice for committing rule violations. Subsequently, the district court imposed a unified seven-year sentence with a two-year determinate term. The court suspended the sentence and placed Tucker on probation for five years. While on probation, Tucker was charged with possession of methamphetamine (Docket No. 40923). Tucker admitted to violating her probation in Docket No. 40981 and pled guilty to possessing methamphetamine in Docket No. 40923. In Docket No. 40981 the district court revoked Tucker's probation, but retained jurisdiction. In Docket No. 40923 the district court imposed a unified sentence of five years with

1

two years determinate and retained jurisdiction, ordering that the sentences in both cases were to run consecutively. Tucker filed an Idaho Criminal Rule 35 motion in Docket No. 40923 which the district court granted, ordering that the sentences were to run concurrently. At the recommendation of the Idaho Department of Correction, the district court later relinquished jurisdiction in both cases. Tucker appealed.

Tucker filed amended notices of appeal requesting transcripts from various hearings. The State objected and at a hearing, the district court denied Tucker's request for additional transcripts. On appeal, Tucker filed a motion to augment the record with transcripts from hearings that were not included in the appellate record. The Idaho Supreme Court denied that motion.

Tucker appeals asserting that her due process and equal protection rights were violated by denying her request to include transcripts of various hearings. Tucker also asserts that the district court abused its discretion by relinquishing jurisdiction and by failing to sua sponte reduce her sentences upon relinquishing jurisdiction.

Tucker first argues that the district court's denial of her motion to augment the record denied her of due process and equal protection. She maintains that the requested transcripts are relevant to the issues of whether the district court abused its discretion in not reducing her sentence, sua sponte, pursuant to I.C.R. 35 when it relinquished jurisdiction. The State argues that Tucker has not shown the requested transcripts are relevant to the district court's decision.

The standard of appellate review applicable to constitutional issues is one of deference to factual findings, unless they are clearly erroneous, but free review of whether constitutional requirements have been satisfied in light of the facts found. *State v. Dunlap*, 155 Idaho 345, 361, 313 P.3d 1, 17 (2013); *State v. Schwab*, 153 Idaho 325, 329, 281 P.3d 1103, 1107 (Ct. App. 2012). Both the Fourteenth Amendment to the U.S. Constitution and Article 1, Section 13 of the Idaho Constitution guarantee a criminal defendant due process of law. The Idaho Supreme Court applies the United States Supreme Court's standard for interpreting the Due Process Clause of the U.S. Constitution to Article 1, Section 13 of the Idaho Constitution. *Maresh v. State Dep't of Health & Welfare*, 132 Idaho 221, 227, 970 P.2d 14, 20 (1998). Idaho Code § 1-1105(2) provides that an indigent criminal defendant on appeal is entitled to procure necessary transcripts at the county's expense.

2

"When an indigent defendant requests that transcripts be created and incorporated into a record on appeal, the grounds of the appeal must make out a colorable need for the additional transcripts." *State v. Brunet*, 155 Idaho 724, 727, 316 P.3d 640, 643 (2013) (citing *Mayer v. City of Chicago*, 404 U.S. 189, 195 (1971)). "[C]olorable need is a matter of law determined by the court based upon the facts exhibited." *Brunet*, 155 Idaho at 727, 316 P.3d at 643. In order to show a colorable need, an appellant must show "the requested transcripts contained specific information relevant to [the] appeal." *Id.*

Applying the above standards, Tucker has failed to show the district court erred in denying inclusion of the August 12, 2010, sentencing hearing transcripts.

Tucker also asks this Court to hold that the Idaho Supreme Court deprived her of due process and equal protection when it denied her motion to augment the record. We do not, however, have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* If a motion is renewed by the movant and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the time of assignment to this Court. *Id.* Such may occur if the appellant's or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion. *Id.*

Tucker has not filed with this Court a renewed motion to augment the record or presented to this Court in her briefing any significant new facts or a new justification for augmentation beyond that already advanced in her motion to the Supreme Court. In essence, Tucker asks us to determine that the Idaho Supreme Court violated constitutional law by denying her motion. As this is beyond the scope of our authority, we will not address the issue further.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district

court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in these cases show that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Tucker has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Tucker also contends that the district court abused its discretion by not reducing her sentence, sua sponte, pursuant to Idaho Criminal Rule 35 when it relinquished jurisdiction. Pursuant to Rule 35, a court may reduce a sentence within 120 days after the court releases retained jurisdiction. A court's decision not to reduce a sentence is reviewed for an abuse of discretion. In conducting our review, we consider the entire record and apply the same reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984). Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). Assuming Tucker may challenge the court's failure to sua sponte reduce her sentence, and applying those standards, Tucker has failed to show an abuse of discretion.

The orders of the district court relinquishing jurisdiction and Tucker's sentences are affirmed.

4