**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46011**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 6, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JEREME T. MAUCH, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment of conviction and suspended, unified sentence of five years, with a minimum period of confinement of two years, for first degree stalking, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Jereme T. Mauch pled guilty to first degree stalking. I.C. §§ 18-7905(d) and 18-7906. In exchange for his guilty plea, an additional sentence enhancement for use of a deadly weapon was dismissed. Prior to his guilty plea, Mauch and the State entered into a binding I.C.R. 11 plea agreement. According to the terms of the plea agreement, the parties agreed that Mauch would be sentenced to a period of retained jurisdiction but that the underlying sentence would be determined at the discretion of the district court. The district court sentenced Mauch to a unified term of five years, with a minimum period of confinement of two years. The district court

1

ordered that Mauch's sentence be served concurrently with an unrelated sentence. In accord with the Rule 11 plea agreement, the district court retained jurisdiction, and Mauch was sent to participate in the rider program.

Thereafter, the district court relinquished jurisdiction. Mauch filed an I.C.R. 35 motion for reduction of his sentence. Although Mauch was still incarcerated on the unrelated sentence, the district court granted Mauch's motion in this case, suspended his sentence, and placed him on probation. Mauch appeals, claiming that his underlying, suspended sentence is excessive.

Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). The record does not indicate that the district court abused its discretion in sentencing.

Accordingly, Mauch's judgment of conviction and suspended, unified sentence is affirmed.