# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50708

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

ROBERT KENNETH WILDE,

      Defendant-Appellant.

)
)  Filed:  July 9, 2024
)
)  Melanie Gagnepain, Clerk
)
)  THIS IS AN UNPUBLISHED
)  OPINION AND SHALL NOT
)  BE CITED AS AUTHORITY
)
)

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Lynn G. Norton, District Judge.

Judgment of conviction and unified sentence of thirty years, with a minimum period of confinement of ten years, for trafficking in heroin, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Robert Kenneth Wilde pled guilty to trafficking in heroin.  Idaho Code § 37-2732B(a)(6). The district court sentenced Wilde to a unified term of thirty years with ten years determinate. Wilde filed an untimely appeal from the judgment of conviction.  The Idaho Supreme Court dismissed his appeal on November 2, 2021.  In October 2021, Wilde filed an Idaho Criminal Rule 35 motion seeking a reduction of his sentence.  The district court denied Wilde's Rule 35 motion, holding that it was untimely and, alternatively, that it lacked merit.  Wilde filed a timely appeal indicating that he was challenging his sentence as excessive and the denial of his Rule 35 motion.  Wilde also filed a motion to reconsider the denial of his Rule 35 motion.  The district court denied Wilde's motion for reconsideration for lack of jurisdiction as an improper successive Rule 35 motion.  Following a restitution hearing, the district court entered an amended judgment and order of restitution.  Wilde filed a motion to reconsider the order of restitution, which the

1

district court denied. Wilde again filed a notice of appeal, this time from the denial of the motion to reconsider his Rule 35 motion. Wilde was appointed counsel for his appeal. The State Appellate Public Defender's office appeared and filed an amended notice of appeal, stating it was from:

> the Amended Order for Restitution and Judgment entered on October 28, 2021, Order Denying Motion for Reconsideration of Sentence I.C.R. Rule 35 entered on November 8, 2021, the Order Re: Successive Rule 35 Motion entered November 29, 2021, and the Order Denying Reconsideration of Amended Restitution Order and Judgment entered on November 29, 2021, the Honorable Lynn G. Norton, presiding.

Thereafter, the only issue actually briefed on appeal was the amended restitution order. This Court affirmed the order for restitution and the Supreme Court granted review, which is pending. In March 2023, Wilde was granted post-conviction relief reinstating his right to appeal from his original judgment. Wilde appealed from the re-entered judgment of conviction.

Wilde asserts that the present appeal is timely from the re-entered judgment of conviction, filed after his successful post-conviction action and reinstatement of his appellate rights. Wilde contends that his sentence is excessive, particularly considering the information submitted with his Rule 35 motion. Wilde further contends that his Rule 35 motion was timely, contrary to the holding of the district court, and that it should have been granted considering the information provided. Therefore, Wilde argues that this Court can consider the information submitted with the Rule 35 motion in determining whether his sentence is excessive.

The State argues that this Court lacks jurisdiction to consider Wilde's challenge to the denial of his Rule 35 motion because the notice of appeal, initiating the present appeal, was not filed timely from the entry of that order and was not restored in post-conviction. This is the third appeal in this matter. The first appeal from the original judgment of conviction was dismissed as untimely. The second appeal initially raised the Rule 35 denial as a potential issue but only proceeded to challenge the amended restitution order. The second appeal was timely from the Rule 35 denial, but the issue was abandoned.[1] This third appeal, is from a reinstatement of the first appeal from the original judgment because of relief granted in post-conviction. Wilde's present claim is from proceedings surrounding his Rule 35 motion, and he makes no independent argument of error regarding the reinstated original judgment. Therefore, that reinstated judgment

---

[1] We note that the same Deputy State Public Defender represented Wilde in the second appeal and in the present appeal.

2

provides no basis for the arguments presently advanced. The State argues Wilde could have pursued his appeal of the denial of the Rule 35 motion, but Wilde advanced on his appeal only the restitution order and, thus, because he did not raise the issue, it is barred by the law of the case doctrine.[2] Finally, the State argues that to the extent Wilde requests this Court to review the sentence imposed in the original sentencing, he has failed to show an abuse of discretion.

The State is correct. First, the post-conviction relief did not restore Wilde's right to appeal the denial of his Rule 35 motion. Therefore, this appeal is untimely from that order. In the second appeal, Wilde only raised the restitution issue. So, the denial of the Rule 35 motion is the law of the case, and any appeal from that order has been previously waived.

To the extent Wilde challenges his sentence without consideration of the materials submitted with the Rule 35 motion, he has shown no abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). Therefore, Wilde's judgment of conviction and sentence are affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.

---

[2]     The law of the case doctrine bars the relitigation of issues in a single case and its subsequent progress, both in the trial court and in subsequent appeals. The doctrine "prevents consideration on a subsequent appeal of alleged errors that might have been, but were not, raised in the earlier appeal." *Matter of Est. of Hirning*, 171 Idaho 146, 156, 519 P.3d 426, 436 (2022).