802 P.2d 1222

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert L. HUCK, Defendant–Appellant.**

No. 18586.

Court of Appeals of Idaho.

Dec. 14, 1990.

Jamie C. Shropshire, McCall, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Robert L. Huck pled guilty to the charge of possession of a controlled substance with the intent to deliver, I.C. § 37–2732(a)(1)(A), and the district court imposed a unified sentence of ten years in the custody of the Board of Correction with a three-year minimum period of confinement. Huck appeals from the judgment of conviction, arguing that the sentence is unduly harsh and excessive. For the reasons stated below, we affirm.

Pursuant to a stipulated plea agreement, Huck pled guilty to possession of a controlled substance (methamphetamine) with the intent to deliver, and the state dismissed the other two counts charged in the amended complaint: one count of manufacturing methamphetamine and one count alleging that Huck was a persistent violator. The plea agreement further contemplated that the county prosecutor would seek a unified sentence of ten years with a three-year minimum period of incarceration and that Huck could argue for a lesser sentence.

The district court accepted Huck's guilty plea and ordered a presentence investigation report and a psychological evaluation. At the sentencing hearing, Huck called several witnesses to support his argument that he should be placed on intensively supervised probation or given county jail time with work release so that he could remain employed and seek substance abuse counselling. The district court, however, accepted the county prosecutor's sentencing recommendation and entered a judgment of conviction imposing the sentence at issue here.[1]

A sentence within the statutory limit will not be disturbed on appeal absent a showing that the sentencing court abused its discretion. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). A sentence may represent an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982).

In accordance with the Unified Sentencing Act, I.C. § 19–2513, the sentencing judge imposed a minimum period of confinement of three years. Accordingly, we will consider three years as the probable

---

1. After a notice of appeal and an amended notice of appeal had been filed, Huck filed, *pro se,* an I.C.R. 35 motion for reconsideration of sentence, which the district court denied. Huck has not challenged the order denying his I.C.R. 35 motion, on this appeal.

measure of confinement for the purpose of reviewing the sentence. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). The maximum sentence for possession of a controlled substance with the intent to deliver is life imprisonment and a $25,000 fine. I.C. § 37–2732(a)(1)(A).

To ascertain whether the length of confinement is reasonable, we apply the substantive criteria set forth in *State v. Toohill, supra*. The sentence is reasonable if it accomplishes the primary objective of protecting society and meets any or all of the related goals of deterrence, rehabilitation, or retribution. The reasonableness of the sentence must be considered in light of the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

Huck argues that the district court abused its sentencing discretion by placing more emphasis on punishment than on rehabilitation and by failing to consider all of the appropriate sentencing criteria. The Idaho Supreme Court has held that it is not mandatory for the sentencing court to set forth reasons for the imposition of a particular sentence. *State v. Nield*, 106 Idaho 665, 666, 682 P.2d 618, 619 (1984); *State v. Osborn*, 104 Idaho 809, 810, 663 P.2d 1111, 1112 (1983). Even where the sentencing judge has set forth no reasons for the imposition of a particular sentence, we will draw our own impressions from the record and affirm what we infer to be a reasonable exercise of the lower court's discretion in pronouncing the sentence under review. *State v. Snapp*, 113 Idaho 350, 352, 743 P.2d 1003, 1005 (Ct.App.1987).

Our review of the sentencing hearing transcript reveals that the district judge specifically considered at least three of the sentencing goals in his comments on sentencing, mentioning the primary objective of protecting society, and the goal of retribution. The district court did not fail to consider the goal of rehabilitation; rather, the judge said, "I don't think that there is any rational chance for rehabilitation as far as [Huck] is concerned." The court noted that Huck had a number of prior felony convictions. When previously placed on probation, Huck had violated the terms, and had also failed in the retained jurisdiction program at Cottonwood.

Huck has not demonstrated an abuse of discretion by the sentencing judge. The judgment of conviction, including the sentence imposed, is affirmed.