803 P.2d 561

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Monte Wayne BRANDT, Defendant–Appellant.**

**No. 18401.**

Court of Appeals of Idaho.

Dec. 31, 1990.

Alan E. Trimming, Ada County Public Defender, Amil N. Myshin, Jr., Deputy Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

A jury found Monte Wayne Brandt guilty of robbery, I.C. § 18–6501. The district court imposed a unified sentence of thirty years in prison with a minimum period of confinement of fifteen years. Brandt appeals, arguing that the sentence was unduly harsh and excessive. For the reasons stated below, we affirm.

Brandt and two other men robbed a Boise Albertson's store in September, 1988. Brandt was intoxicated during the robbery. He participated in the robbery in order to obtain money to buy drugs. Brandt has a serious, long-standing drug addiction problem for which he has sought help several times in the past. He also has a long criminal record; he has been charged and convicted of numerous offenses, including thirteen felonies and four misdemeanors. Following this particular robbery, and before his arrest, Brandt independently sought medical help for his drug problem.

During his numerous periods of incarceration, Brandt has sought spiritual guidance. He joined Bible study groups and has professed a sincere commitment to the Christian faith. During the sentencing hearing, a volunteer from the prison gave testimony regarding Brandt's commitment to Christianity. She testified that Brandt is a sincere Christian who is striving to make changes in his life. The pre-sentence investigation report in this case includes pre-sentence investigation reports for some of Brandt's other crimes. These reports indicate that Brandt has professed a sincere devotion to Christianity following his other crimes. Throughout the proceedings in this case, Brandt has accepted responsibility for his actions and indicated his regret for his criminal behavior. He now argues that because he received the same sentence as his co-defendant, whom he believes to be a more hardened criminal, the district court abused its discretion by failing to consider Brandt's needs for rehabilitation.

The maximum sentence for robbery is life in prison. I.C. § 18–6503. The district court sentenced the defendant to thirty years in prison with a fifteen-year minimum period of confinement. The fixed minimum period is the probable measure of confinement. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). A sentence within the statutory limits will not be disturbed on appeal absent a showing that the sentencing court abused its discretion. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). A sentence may represent an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). To ascertain whether the length of confinement is reasonable, we apply the substantive criteria set forth in *State v. Toohill, supra.* The sentence is reasonable if it accomplishes the primary objective of protecting society and meets any or all of the related goals of deterrence, rehabilitation, or retribution. The reasonableness of the sentence must be considered in light of the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982).

The transcript of the sentencing hearing reflects the district court's proper consideration of the factors set forth in *Toohill, supra.* The district court had before it the presentence investigation report which indicated that Brandt had been

charged or convicted of thirteen prior felonies. The court showed deep concern about protecting society from a man who is unable to control his criminal tendencies because of a severe drug addiction problem. The court also took into account the nature of the robbery, which placed many people at physical risk. As the district court noted, an extended incarceration may eliminate Brandt's desire to fight society and it provides an appropriate punishment and deterrent to Brandt. While Brandt may be in need of drug treatment, this treatment can be provided as deemed appropriate by the Department of Correction. Because Brandt's sentence accomplishes the goals set forth in *State v. Toohill,* *supra.* we are unable to discern any abuse of discretion by the trial court.

For the foregoing reasons, we affirm the judgment of conviction, including the sentence imposed by the trial court.

WALTERS, C.J., and SWANSTROM, J., concur.