817 P.2d 1095

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Roger Alan MORRIS, Defendant–Appellant.**

**No. 19029.**

Court of Appeals of Idaho.

Sept. 27, 1991.

Alan E. Trimming, Ada County Public Defender, Doreen C. Guenther, Deputy Public Defender, Boise, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Roger Alan Morris pled guilty to one count of fraudulent use of a financial transaction card. I.C. § 18–3124. He appeals from the judgment of the district court imposing a unified sentence of five years in the custody of the Board of Correction, with a minimum period of confinement of eighteen months. Restitution was also ordered. Morris argues on appeal that his sentence is unreasonable. We affirm.

Morris's sentence is within the statutory maximum of five years for fraudulent use of a financial transaction card. I.C. § 18–3127(3). Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Morris's actual term of confinement as eighteen months. Morris must establish that under any reasonable view of the facts a period of confinement of eighteen months for his fraudulent use of a financial transaction card conviction was an abuse of discretion. This court will not substitute its own view "for that of the sentencing judge where reasonable minds might differ." *Toohill*, 103 Idaho at 568, 650 P.2d at 710.

In conducting a sentence review, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The facts in this case can be briefly stated. The state charged Morris with two counts of fraudulent use of a financial transaction card. Morris had used a fictitious name to obtain credit cards which he then used to obtain credit from various merchants. Morris entered a guilty plea to count two, and count one was dismissed by the state pursuant to a plea bargain agreement in which the state agreed to dismiss count one and to limit its sentencing recommendation to five years in the custody of the Board of Correction, between 60 and 120 days in the county jail, and restitution.

The district court in its sentencing comments noted Morris's criminal record, which includes convictions for drawing checks on insufficient funds in 1972 and again in 1974. For the 1972 offense, he was placed on probation under a withheld judgment. He later violated his probation and was sentenced to serve six months in the county jail. In 1974, he was committed to the custody of the Board of Correction for two and one-half years. In 1986, Morris was convicted of welfare fraud and was sentenced to an indeterminate three-year prison term which was suspended. Morris was placed on probation for three years to enable him to reimburse the Department of Health and Welfare approximately $4,000 for food stamps illegally obtained as part of that offense. Morris was on probation at the time of the instant offense, and was delinquent in making the required restitution to Health and Welfare.

In sentencing Morris, the district court imposed a sentence which was more severe than the period of confinement recommended by the state, apparently convinced that the modest sentences imposed on him in the past had not deterred his criminal behavior and that there was a need to protect society from this continued conduct. The district court focused on the fact that throughout his adult life Morris

has demonstrated total financial irresponsibility. The court acknowledged that based on his past record, there was no reason to expect Morris would respond favorably to probation.

The court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing the sentence. In light of the sentencing criteria, the sentence is reasonable.

The judgment of conviction for fraudulent use of a financial transaction card, including the sentence imposed, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.