828 P.2d 344

**STATE of Idaho, Plaintiff–Respondent,**

v.

**David Allen SAXTON, Defendant–Appellant.**

**No. 19427.**

Court of Appeals of Idaho.

March 25, 1992.

Whittier, McDougall, Souza, Murray & Clark, Chartered; Isaac E. McDougall, Pocatello, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Jane M. Newby, Sp. Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is a sentence review. David Saxton pled guilty to second degree burglary and was committed to the custody of the Board of Correction for five years, with a two-year minimum period of confinement. On appeal, Saxton contends that his sentence was an abuse of the court's discretion. We affirm.

■ Saxton's sentence is within the statutory maximum permitted for second degree burglary. I.C. § 18–1403. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). If the sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982).

■ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989). Thus, we view Saxton's actual term of confinement as two years. Saxton must establish that under any reasonable view of the facts a period of confinement of two years for his conviction for second degree burglary was an abuse of discretion. This Court will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill, supra.*

■ On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982). The burglary charge arose when Saxton broke into a woman's home to watch her while she was taking a bath. When he evidently realized she had become aware of his presence, he left the house and she called the police. Saxton later admitted to the police that he had removed four pairs of panties and four brassieres from the residence. He also admitted that he had entered the home on other occasions also, to watch the woman and her daughter while they bathed or while they were asleep. He related that he would sexually stimulate himself while watching the woman, desired to develop a sexual relationship with her, and "was on the verge of committing a rape."

At the time Saxton was charged with this offense, he was on probation for another second degree burglary which he had committed the previous year. He was 22 years old. Through testing, he was diagnosed as mildly retarded. His probation officer reported that Saxton's performance on supervised probation had been less than satisfactory because he was "confrontive, resistive, [and] negative to any type of assistance and supervision."

During the sentencing proceeding, the court considered whether Saxton should be continued on probation. The court commented:

Mr. Saxton, I've had an opportunity to review the presentence report, as well as the psychological evaluation in some detail. And of course, I must consider under state law certain factors with regard to sentencing and particularly whether or not probation is a possibility. And of course, the law always would like to place people on probation rather than incarcerate them for their own benefit and yet society's protection and the possibility of the likelihood of the success of probation must be considered. In considering those factors, it is very apparent to me, given the matters surrounding the commission of this crime by you and particularly my concern with regard to your juvenile record and the records as

to violence in your presentence report of page five, as well as the references in the psychological report demonstrate that probation is not a viable alternative in your particular case.

The court then determined that a term of five years, with two years' required confinement before parole eligibility, would be appropriate. The court expressed concern that Saxton would need some time to alter his behavior "into a manner that makes it safe for you and makes it safe for everybody else."

It is clear in this case that the court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing the sentence. Upon reviewing the record, we cannot say the court below abused its discretion. The sentence imposed by the court was reasonable.

Accordingly, the judgment of conviction and sentence are affirmed.