828 P.2d 916

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jean DOMINE, Defendant–Appellant.**

**No. 19519.**

Court of Appeals of Idaho.

April 3, 1992.

888

Jonathan W. Cottrell, Sandpoint, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is a sentence review. Jean Domine was charged with one count of issuing an insufficient funds check and with four counts of issuing a check on a closed account. Pursuant to a plea bargain, the state dismissed all but one count of issuing a closed account check, Domine pled guilty to the remaining count and she agreed to pay restitution on all checks. A presentence report was prepared and a sentencing hearing held. Judgment of conviction was entered imposing a unified sentence of three years with a minimum period of confinement of two years. Domine appeals, contending the district court abused its discretion by choosing confinement over probation and by ordering an unreasonable sentence. We affirm.

Domine's sentence is within the statutory maximum of three years' imprisonment and a fine not to exceed $5000, which could have been imposed for the crime. I.C. § 18–3106. Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the

primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19-2513; *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Domine's actual term of confinement as two years. Domine must establish that under any reasonable view of the facts a period of confinement of two years for issuing a check on a closed account was an abuse of discretion. This Court will not substitute its own view "for that of the sentencing judge where reasonable minds might differ." *Toohill,* 103 Idaho at 568, 650 P.2d at 710. In reviewing a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

Domine argues that her sentence is excessive in light of the record, the nature of the offense, her character, and the sentencing goal pertaining to the protection of society. She asserts that the court below did not properly consider the criteria set forth in I.C. § 19-2521 when it decided to impose a period of incarceration rather than placing Domine on probation.

The district court had the benefit of a presentence report outlining Domine's prior record and showing that the present charge is her third felony conviction for issuing bad checks. Previously, she has been charged four times with issuing no-account checks, once with the issuance of an insufficient funds check and once for unauthorized use of a bank check. She has served time in prison and on parole in Wisconsin for writing bad checks. She explained that her use of alcohol and unsuccessful marital relationships contributed to her proclivity for writing checks without bank credit.

The court considered Domine's background, the nature of the offense and the likelihood of successful probation in reaching its sentencing decision. The court said:

I only comment that probation is not in order using the criteria under Idaho Code [§ 19-2521], because given the prior record any lesser sentence will depreciate the seriousness of the Defendant's crime and it's necessary that because of her record an appropriate punishment be imposed to deter not only her but others and also under those criteria she is a multiple offender.

The only other comment I have about alcohol abuse being the root cause, whether it is or isn't, it would seem to me that after you were released from the Wisconsin penal system and given your criticism of it not giving you the treatment you felt you need, perhaps it would have been incumbent upon you and wise to initiate on your own whatever treatment you feel is necessary.

You, apparently, are able to diagnose and recognize your problem. The record doesn't show that there was any attempt to do anything about it.

I mention that at the same time I recognize that alcohol abuse is a tough problem to solve. I am not all together convinced [of] the entirety of your problem but if it was a good part of your problem, I would think after a period of probation; two felony convictions; 18 months in prison, or some months in prison and 18 months on parole, that one would initiate some action to eliminate those conditions which in your view caused your difficulty.

We conclude that the record demonstrates the court appropriately considered the nature of the offense, the character of the offender, and the relevant sentencing objectives in arriving at the term of confinement pronounced in this case. We hold that Domine's sentence is reasonable and was not an abuse of the court's discretion.

The judgment of conviction and sentence are affirmed.