831 P.2d 952

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Conrado SOLO-ALVARADO,
Defendant-Appellant.**

No. 19408.

Court of Appeals of Idaho.

May 27, 1992.

Stewart A. Morris, Boise, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

**PER CURIAM.**

Conrado Solo-Alvarado was found guilty by a jury of one count of forgery, I.C. § 18-3601. He appeals from the judgment of the district court imposing a unified sentence of seven years in the custody of the Board of Correction, with a minimum period of confinement of two years. Solo-Alvarado argues that his sentence is unreasonable. We affirm.

Solo-Alvarado's sentence is within the statutory maximum of fourteen years for forgery. I.C. § 18-3604. Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 144-45, 814 P.2d 401, 404-05 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Solo–Alvarado's actual term of confinement as two years. Solo–Alvarado must establish that under any reasonable view of the facts a period of confinement of two years for his forgery conviction was an abuse of discretion. This Court will not substitute its own view "for that of the sentencing judge where reasonable minds might differ." *Toohill*, 103 Idaho at 568, 650 P.2d at 710.

In conducting a sentence review, we independently examine the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

The facts in this case are that Solo–Alvarado went into a bank in Boise and cashed a forged check drawn on the account of a Boise department store's payroll account. A friend of Solo–Alvarado's had taken the checks while employed for the department store as a night janitor. Solo–Alvarado contends that this friend encouraged him to travel to Idaho from California to work for him, presumably to remodel an office for a business his friend planned to start in Boise. He further contends that he was not an employee of the department store, had no business cashing a check with his name on it drawn on its payroll account, but insists that he did this at the suggestion of his friend and was not aware that he was doing anything illegal or fraudulent.

Solo–Alvarado is a Cuban national who emigrated to the United States when he was nineteen. He has no formal education. The district court in its sentencing comments noted that Solo–Alvarado has been in trouble with the criminal law since he has been in this country. Solo–Alvarado's record as an adult includes arrests for taking a vehicle without the owner's consent, three counts of robbery, one count of grand theft auto, and one count of grand theft. He has been convicted of one count of vehicle theft and four counts of robbery. Solo–Alvarado is known to have used fifteen different aliases. The district court noted further that there was no violence involved in the present offense, but was apparently convinced that Solo–Alvarado's long history of inability to conform his conduct to the law would likely continue and that there was a need to protect society from this possibility.

The district court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing the sentence. In light of the sentencing criteria, the sentence is reasonable.

The judgment of conviction for forgery, including the sentence imposed, is affirmed.