832 P.2d 1168

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Richard Lee ZACHARIAS, Defendant–Appellant.**

**No. 19737.**

Court of Appeals of Idaho.

June 29, 1992.

**234**

Alan E. Trimming, Ada County Public Defender, Richard D. Toothman, Deputy Public Defender, Boise, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Richard Lee Zacharias pled guilty to one count of rape and one count of robbery. I.C. §§ 18–6101, 18–6501. The district court imposed concurrent unified sentences of life in prison with a minimum period of confinement of twenty years. Zacharias appeals, arguing that the sentences are excessive. For the reasons stated below, we affirm.

The facts of this case can be stated briefly. Late one night, Zacharias broke into the mobile home of a young mother and, despite strong resistance, beat, kicked, raped and robbed her. During the nearly two-hour ordeal, he physically and mentally abused her, threatened her life if she did not cooperate, and held a knife to her flesh. Before leaving he tied her to the bed, then left with her purse. The victim reported the crime immediately. Two days later Zacharias was arrested. When presented with the physical evidence linking him to the crimes, he admitted his actions and ultimately pled guilty.

The maximum allowable sentences for rape and robbery are life in prison. I.C. §§ 18–6104, 18–6503. Zacharias' sentences are within the maximum. The minimum period of incarceration in this case—twenty years—is the probable measure of confinement for sentence review purposes. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). A sentence within the statutory limits will not be disturbed on appeal absent a showing that the sentencing court abused its discretion. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). A sentence may represent an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence is reasonable if it accomplishes the primary objective of protecting society and meets any or all of the related goals of deterrence, rehabilitation, or retribution. The reasonableness of the sentence must be considered in light of the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

Zacharias' basis for claiming an abuse of discretion is that he was intoxicated when he committed his crimes and has a history of serious alcohol and drug abuse. He also emphasizes the fact that he has been remorseful for the harm he caused the victim.

The record indicates that the court considered the sentencing goals of protection of society, deterrence, rehabilitation, and retribution at the sentencing hearing. The court had before it Zacharias' presentence report, which chronicled a long history of encounters with the law, including four felony convictions. The report indicated that Zacharias had been placed on probation four times, had spent three years at the Idaho State Correctional Institution, and was on parole from a conviction in Oregon when he committed the instant offense. The presentence investigator recommended a long period of incarceration because Zacharias had yet to accept responsibility for his crime, he needed long-term help with substance abuse and anger management, and to deter him from future crimes. The report also contained the conclusions of Zacharias' examining psychologist, who reported that Zacharias is a very angry and aggressive person with serious difficulty controlling his impulses. The psychologist stated that Zacharias tends to be extrapunitive and blames others for his problems, and presents a high risk for future anti-social behavior because of an inability to control his "chronic intense anger." The psychologist also remarked that Zacharias' long-term rehabilitation depended on his ability to stay sober, which the record shows he has only been able to do while incarcerated.

Based on the information presented, we are unable to conclude that the court abused its sentencing discretion. The sentences are affirmed.