855 P.2d 62

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert A. BRANNING, Defendant–Appellant.**

No. 20298.

Court of Appeals of Idaho.

June 16, 1993.

Dee, MacGregor & Fales, Kirk A. MacGregor, Grangeville, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This is a sentence review. Robert Branning pled guilty to second degree burglary and was committed to the custody of the Board of Correction for five years, with a four-year minimum period of confinement, under the Unified Sentencing Act. I.C. § 19–2513. On appeal, he contends that the court abused its sentencing discretion by imposing an excessive sentence. We affirm.

Branning's sentence is within the statutory maximum of five years which was permitted for second degree burglary at the time he committed the charged offense in June, 1992. *See* former I.C. § 18–1403.[1] The appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). If the sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385,

---

1. In 1992, the legislature repealed the statutes making first and second degree burglary separate offenses and enacted a new provision specifying a general penalty of not less than one nor more than ten years' imprisonment, for the singular crime of burglary. This enactment was effective July 1, 1992. 1992 Idaho Sess.Laws, ch. 167, p. 531.

393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989). Thus, we view Branning's actual term of confinement as four years. Branning must establish that under any reasonable view of the facts a period of confinement of four years for his conviction for second degree burglary was an abuse of discretion. This Court will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill, supra.*

On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982). As alleged in the prosecutor's Information, the burglary charge arose when Branning entered into a building at the Snowhaven Ski Course near Grangeville, Idaho, with the intent to commit a theft. He was charged in the same Information with the additional felony crimes of issuing checks without sufficient funds (three counts) and of theft by possession of stolen property. Pursuant to plea negotiations, Branning pled guilty to the burglary charge and the other charges were dismissed.

The preparation of a presentence investigation report was waived in this case, evidently due to the fact that Branning recently had been sentenced and placed on probation on another grand theft charge. This grand theft conviction itself appeared to be serious inasmuch as it—according to comments by Branning's counsel at the time Branning was sentenced for the burglary—involved a requirement of restitution, as a condition of probation, in the amount of $13,000. The presentence report for the grand theft charge also was not submitted as part of the record in this case, so the background for that offense, as well as any other previous record for Branning is absent. At the sentencing hearing, counsel informed the court that Branning was 26 years old; was married but separated and had two children and a step-daughter who lived with their mother; was sporadically employed; and was in need of treatment for alcoholism.

As a result of his plea in this case, Branning's probation was revoked and the grand theft sentence—three years with one-year fixed—was ordered into execution. The five-year unified sentence for burglary was ordered to be served concurrently with the grand theft sentence.

During the sentencing proceeding, the court explained its rationale in imposing the five-year sentence with four years required confinement for the burglary. Beginning with a reference to the probation on the grand theft conviction, the court said:

There was a request at that time from the State that Mr. Branning be put into the penitentiary, and I opted to give him a chance; and I rejected the State's recommendation and instead placed him in county jail and permitted him to be on a work-release program and we assisted him in getting a job and getting alcohol counseling. And when he was involved in this probation he turned around and committed the crime in question.

And it would, of course, be totally foolish for this Court to put Mr. Branning back on probation. Certainly I do believe there's an undue risk that during the period of probation he would commit another theft. It appears to me that Mr. Branning is in need of correctional treatment and that treatment can most effec-

tively be provided in the Idaho State Penitentiary.

The sentence that I have determined to be appropriate in this particular case is a fixed term of four years followed by an indeterminate period of one year. That is no less than four and not more than five years on the burglary offense, the second degree burglary. I think any lesser sentence would depreciate the seriousness of the defendant's crime and conduct in this particular matter.

Certainly the imprisonment will deter the defendant and others from committing these types of offenses, these types of theft offenses. I think it's an appropriate sentence because he is a multiple offender. The necessary goals are the protection of society and I let the community down last time. I gave you a chance, Mr. Branning, and what you did was to steal from the community. And I didn't do a good job in protecting society last time and hopefully this time I'm doing a better job. We tried rehabilitation in this particular matter and it didn't do any good. You didn't take your opportunity seriously and you deserve to be punished now for your conduct.

It is clear in this case that the court properly considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing the sentence. Upon reviewing the record, we conclude that the court below did not abuse its discretion. The five-year unified sentence, with four years' minimum confinement, to be served concurrently with the preexisting grand theft sentence was reasonable.

Accordingly, the judgment of conviction for second degree burglary, including the sentence as imposed, is affirmed.

SWANSTROM and LANSING, JJ., concur.