855 P.2d 68

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Tyler J. LOWERY, Defendant–Appellant.**

No. 20144.

Court of Appeals of Idaho.

June 24, 1993.

Kathleen E. Rivers, Ketchum, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This is a sentence review. Tyler J. Lowrey pled guilty to forgery, I.C. § 18–3601, and was committed to the custody of the Board of Correction for eight years, with a four-year minimum period of confinement, under the Unified Sentencing Act. I.C. § 19–2513. On appeal, he contends that the court abused its discretion by imposing an excessive sentence.[1] We affirm.

Lowrey's sentence is within the statutory maximum of fourteen years permitted for forgery. I.C. § 18–3604. The

---

1. During the pendency of this appeal Lowery filed in the district court a motion for reduction of sentence under I.C.R. 35. The case was temporarily remanded for disposition of that motion by the district court. The motion was denied. However, the denial of the motion has not been raised as an additional issue on this appeal.

appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). If the sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). Thus, we view Lowery's actual term of confinement as four years. Lowery must establish that under any reasonable view of the facts a period of confinement of four years for his conviction for forgery was an abuse of discretion. This Court will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill, supra.*

On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982). The offense in this case was committed when Lowery cashed a payroll check belonging to another person by forging the name of the payee. Pursuant to plea negotiations, he pled guilty to this charge and a companion action involving four other counts of forgery was dismissed. As part of the plea bargain, Lowery agreed to make restitution of $2500 for the existing forgeries and the state re-

served the right to request an eight-year unified sentence with four years required as the minimum period of confinement, with the further understanding that the state's recommended sentence would not be binding on the court.

At the time Lowrey was charged with this offense, he was 25 years old. The presentence investigation report prepared for this case discloses Lowery's prior record; the existence of a recurring problem with alcohol and illegal use of controlled substances;[2] and his inability to successfully be supervised on probation during previous encounters with the criminal justice system in the State of Minnesota. His record includes a prior conviction for burglary, three convictions for forgery, and convictions on four counts of issuing worthless checks. Warrants for his arrest for violation of probation for absconding from supervision were outstanding in the State of Minnesota.

During the sentencing proceeding, the court explained its rationale in imposing the eight-year sentence with four years required confinement before parole consideration. The court said:

> The record will reflect that the court has reviewed the presentence investigative report with the supplements that go with it, along with the attachments that are responses from his grandmother, from his parents. It appears from the presentence investigative report [the] defendant has been previously convicted of more than one felony.

> The court is taking into account the sentencing objectives. First, the protection of society.

> In this case, there is only one charge before the court, but there are at least four other checks that are outstanding at this particular time that could be charged. [The] Court is also considering the deterrence of [the] defendant and public generally from writing such checks. [The] Court is considering rehabilitation and punishment or retribution, as provided by the various cases that

---

**2.** Lowery disclosed to the presentence investigator that, since age fourteen, he had at various times experimented with hashish, acid, crack, speed, heroin, cocaine and marijuana.

have been handed down by the Idaho Supreme Court.

In this case, the defendant is on probation. He will not be released from that probation in Minnesota until '94. The amounts involved in this are substantial, $2500 restitution. I do understand that cash will be available to make that restitution possible in this case, but it doesn't change the crime or severity of it.

It further appears to the court that [the] defendant has been through abuse-treatment centers, three or four times. He's been in a work facility similar to [the North Idaho Correctional Institution at] Cottonwood at times past. He's had a number of chances. He does have warrants outstanding, even though they're not extradition warrants, and there are no facilities in the state available to give him any more chances other than the penitentiary that is available.

The court then determined that a term of eight years, with four years' required confinement before parole eligibility, would be appropriate.

It is clear in this case that the court properly considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing the sentence. Upon reviewing the record, we conclude that the court below did not abuse its discretion or impose an excessive sentence. The unified eight-year sentence, with four years as the minimum period of confinement, was reasonable.

Accordingly, the judgment of conviction for forgery and the unified sentence ordered by the court are affirmed.

SWANSTROM and LANSING, JJ., concur.