860 P.2d 681

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Mark L. WHITCHER, Defendant–Appellant.**

**Nos. 20462 & 20463.**

Court of Appeals of Idaho.

Sept. 10, 1993.

Jeff M. Brudie, Lewiston, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

Before WALTERS, C.J., LANSING, J., and WINMILL, J. pro tem.

PER CURIAM.

This is a sentence review. Mark L. Whitcher pled guilty to grand theft, I.C. §§ 18–2403(1); 18–2407(1), and to grand theft by possession of stolen property, I.C. § 18–2403(4); 18–2407, in separate proceedings filed in the district court. Judgments of conviction were entered and he was committed to the custody of the Board of Correction for fourteen years, with a four-year minimum period of confinement, under the Unified Sentencing Act, I.C. § 19–2513, on each charge. The court ordered that the two sentences be served concurrently. Whitcher filed notices of appeal in both cases and they have been consolidated for review. On appeal, he contends that the court abused its sentencing discretion and asks that the four-year minimum periods of confinement be reduced. We affirm.

Whitcher's sentences are within the statutory maximums of fourteen years permitted for grand theft and for grand theft by possession of stolen property. I.C. § 18–2408. The appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). If the sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). Thus, we view Whitcher's actual term of confinement as four years. Whitcher must establish that under any reasonable view of the facts a period of confinement of four years for his theft convictions was an abuse of discretion. This Court will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill, supra.*

On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982). As noted, both of the offenses in this case are thefts. In December, 1991, Whitcher was charged with possessing sto-

len property when he attempted to sell two T-tops at a salvage yard in Nez Perce County, Idaho. The T-tops and a jacket that Whitcher was wearing had been removed from a vehicle recently stolen from its owner. While that charge was pending for trial on Whitcher's plea of not guilty, Whitcher was charged in February, 1992, with theft of an automobile belonging to a Lewiston car dealership. The vehicle was used as a demonstration model by a salesman who was an acquaintance of the defendant. The salesman, who had invited Whitcher to stay at his residence, discovered the vehicle missing during early morning hours. The vehicle was reported stolen and subsequently was retrieved after a high speed chase in the State of Washington, where Whitcher had driven the automobile to visit his girlfriend. Whitcher later pled guilty to both charges.

Whitcher's background reveals a considerable criminal record. At the time he was sentenced in this case, Whitcher was thirty years old. His prior record began when he was about nineteen years of age with a conviction for third degree assault. Since then, he has been convicted of assault, rape, possession of a controlled substance, DUI, willful concealment, accessory to theft of an automobile, and several driving related offenses. He has a record of alcohol and substance abuse, including the use of marijuana, cocaine, amphetamines, mushrooms, and LSD. Despite being diagnosed with alcohol dependency and mixed substance abuse, Whitcher has not sought treatment. He recently had been released from confinement in a Washington state penitentiary after serving approximately five years on the rape conviction.

The transcript of the sentencing hearing discloses that the court properly considered the nature of the offenses, the character of the offender and the sentencing objectives in pronouncing sentence upon Whitcher. The court specifically applied the criteria for determining an appropriate sentence: (1) the protection of society; (2) the deterrence of the defendant and others from committing serious offenses; (3) the defendant's rehabilitation potential; and (4) punishment. Upon reviewing the record, we conclude that the court below did not abuse its discretion or impose an excessive sentence. The unified fourteen-year sentences, with four years as the minimum period of confinement, were reasonable.

Accordingly, the judgments of conviction and sentences are affirmed.