**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37037**

| | |
|---|---|
| STATE OF IDAHO, | 2010 Unpublished Opinion No. 574 |
| Plaintiff-Respondent, | Filed: August 4, 2010 |
| v. | Stephen W. Kenyon, Clerk |
| PHILIP SAMUEL HARRISON, | THIS IS AN UNPUBLISHED |
| Defendant-Appellant. | OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order relinquishing jurisdiction, affirmed.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We are also asked to review Harrison's modified sentences for two counts of lewd conduct with a minor under sixteen. We affirm.

Philip Samuel Harrison pled guilty to two counts of lewd conduct with a minor under sixteen. I.C. § 18-1508. Following his plea, Harrison was sentenced to consecutive unified terms of ten years, with minimum periods of confinement of five years. The district court retained jurisdiction for 180 days, and Harrison was sent to participate in the rider program.

At the conclusion of the rider, the district court relinquished jurisdiction. However, the district court modified Harrison's sentences to consecutive unified terms of ten years, with

1

minimum periods of confinement of three years. Harrison appeals, claiming that the district court erred by refusing to grant probation in light of his accomplishments during the rider and the likelihood of reoffense. He also argues that his modified sentences are excessive and constitute an abuse of discretion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Harrison has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

Harrison also contends that his modified sentences are excessive and constitute an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Harrison argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Harrison's case. The record does not indicate that Harrison's modified sentences were an abuse of discretion in this case. Accordingly, the sentences are affirmed.

The order of the district court relinquishing jurisdiction and Harrison's modified sentences are affirmed.