**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37001**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 643 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 15, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAMISON EDWARDS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We are also asked to review a unified sentence of six years, with a minimum period of confinement of two and a half years for possession of a controlled substance. We affirm.

Jamison Scott Edwards entered an *Alford*[1] guilty plea to one count of possession of a controlled substance. I.C. § 37-2732(c)(1). In exchange for his guilty plea, the state agreed not to pursue an allegation that Edwards was a persistent violator. Following his plea, Edwards was

_____

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

sentenced to six years, with a minimum period of confinement of two and a half years. The district court retained jurisdiction for 180 days, and Edwards was sent to participate in the rider program at the North Idaho Correctional Institution (NICI).

After Edwards completed evaluation at NICI, the district court relinquished jurisdiction. Edwards appeals, claiming that the district court erred by refusing to grant probation, that his sentence is excessive, and that the district court erred in failing to sua sponte reduce his sentence.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Edwards has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

Edwards also contends that the unified sentence six years, with a minimum period of confinement of two and a half years, is excessive and constitutes an abuse of discretion and that the district court erred in failing to sua sponte reduce his sentence. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Edwards argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Edwards' case. The record does not indicate that a unified term of six years, with a minimum period of confinement of two and a half years, was an abuse of discretion in this case. Accordingly, the sentence is affirmed.

The order of the district court relinquishing jurisdiction and Edwards' sentence are affirmed.