IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 39459

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 695 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 31, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| PATRISHIA HELEN GLADYS VON TERSCH, | ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Carl B. Kerrick, District Judge.

Order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

---

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We are also asked to review concurrent unified sentences of five years, with a minimum period of confinement of two years, for two counts of conspiracy to deliver a controlled substance. We affirm.

Patrisha Helen Gladys Von Tersch pled guilty to two count of delivery of a controlled substance. I.C. §§ 37-2732(a)(1)(b) and 37-2732(f). In exchange for her guilty pleas, additional charges were dismissed. Following her pleas, Von Tersch was sentenced to concurrent unified terms of five years, with minimum periods of confinement of two years. The district court withheld judgment and placed Von Tersch on probation. Von Tersch admitted to violating the

1

terms of her probation. The district court revoked the withheld judgment and Von Tersch's probation, ordered execution of her original sentences, but retained jurisdiction. Following completion of her rider, the district court placed Von Tersch on probation. Again Von Tersch admitted to violating the terms of her probation. The district court revoked Von Tersch's probation and again retained jurisdiction. The district court ultimately relinquished jurisdiction.

Von Tersch appeals, claiming that the district court erred by refusing to grant probation. She also argues that her sentences of five years, with a minimum period of confinement of two years, is excessive and constitutes an abuse of discretion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Von Tersch has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

Von Tersch also contends that the unified sentences five years, with a minimum period of confinement of two years, are excessive and constitute an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Von Tersch argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Von Tersch's case. The record does not indicate that concurrent unified terms of five years, with minimum periods of confinement of two years, are

2

excessive or that the district court abuses its discretion in this case. Accordingly, the sentence is affirmed.

The order of the district court relinquishing jurisdiction and Von Tersch's sentences are affirmed.