IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39958

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 326 |
|---|---|---|
| Plaintiff-Respondent, | ) ) | Filed: January 14, 2013 |
| v. | ) ) | Stephen W. Kenyon, Clerk |
| MIRNER HERMAN BROWN, | ) ) | THIS IS AN UNPUBLISHED |
| Defendant-Appellant. | ) ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. John K. Butler, District Judge.

Order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We are also asked to review a unified sentence of five years, with a minimum period of confinement of one year, for grand theft. We affirm.

Mirner Herman Brown pled guilty to one count of grand theft. I.C. §§ 18-2403(1), 18-2407(b)(3). Following his plea, Brown was sentenced to five years, with a minimum period of confinement of one year. The district court retained jurisdiction, and Brown was sent to participate in the rider program.

Thereafter, the district court relinquished jurisdiction. Brown appeals, claiming that the district court erred by relinquishing. He also argues that the sentence of five years, with a

1

minimum period of confinement of one year, is excessive and that the district court should have sua sponte reduced his sentence upon relinquishment of jurisdiction.[1]

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Brown has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

Brown also contends that the unified sentence five years, with a minimum period of confinement of one year, is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Brown argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Brown's case. The record does not indicate that Brown's sentence was an abuse of discretion in this case. Accordingly, the sentence is affirmed.

The order of the district court relinquishing jurisdiction and Brown's sentence are affirmed.

---

[1] Brown also filed an I.C.R. 35 motion for reduction of his sentence, which the district court denied. Brown does not challenge this order on appeal.