**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41792**

| | |
|---|---|
| STATE OF IDAHO, ) | 2014 Unpublished Opinion No. 678 |
| ) | |
| Plaintiff-Respondent, ) | Filed: August 18, 2014 |
| ) | |
| v. ) | Stephen W. Kenyon, Clerk |
| ) | |
| CHARLES WAYNE VAN DYKE, JR., ) | THIS IS AN UNPUBLISHED |
| ) | OPINION AND SHALL NOT |
| Defendant-Appellant. ) | BE CITED AS AUTHORITY |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We are also asked to review a unified sentence of fifteen years, with a minimum period of confinement of three years, for sexual abuse of a child under sixteen years. We affirm.

Charles Wayne Van Dyke, Jr. pled guilty to an amended charge of sexual abuse of a child under the age of sixteen years. I.C. § 18-1506(1)(B). Following his plea, Van Dyke was sentenced to a unified term of fifteen years, with a minimum period of confinement of three years. The district court retained jurisdiction, and Van Dyke was sent to participate in the rider program. The district court relinquished jurisdiction. Van Dyke appeals, claiming that the district court erred by failing to allow Van Dyke to participate in a polygraph examination prior

1

to determining whether to relinquish jurisdiction and by refusing to grant probation. He also argues that the sentence is excessive and constitutes an abuse of discretion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The Idaho Department of Correction staff recommended that the district court relinquish jurisdiction in part because Van Dyke continued to minimize his conduct. At the rider review hearing, defense counsel requested that Van Dyke be granted probation and that he be required to submit to a polygraph examination as a condition of his probation in order to determine whether Van Dyke was minimizing his conduct. The district court considered the request in the context of possibly returning Van Dyke to the rider program, noting that there was a "big disconnect" between Van Dyke's admissions and the victim's allegations. Ultimately, however, the court rejected Van Dyke's request and relinquished jurisdiction. Van Dyke has not shown that the district court abused its discretion. Even disregarding the "disconnect" between his version and the victim's version of the offense, there was ample evidence to support a conclusion that Van Dyke was not an appropriate candidate for probation. The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Van Dyke has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

Van Dyke also contends that the unified sentence of fifteen years with a minimum period of confinement of three years, is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Van Dyke argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation

was not an appropriate course of action in Van Dyke's case. The record does not indicate that the sentence imposed was an abuse of discretion in this case. Accordingly, the sentence is affirmed.

The order of the district court relinquishing jurisdiction and Van Dyke's sentence are affirmed.