# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 41562 & 41563

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 715 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 8, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RICK DEAN BOEPPLE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Orders relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In these cases we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We are also asked to determine whether the sentences imposed are excessive. We affirm.

In Docket No. 41562, Rick Dean Boepple pled guilty to grand theft. I.C. §§ 18-2403(1), 18-2407(1)(b), 18-2409. In exchange for his guilty plea, additional charges were dismissed. In Docket No. 41563, Boepple pled guilty to delivery of a controlled substance. I.C. § 37-2732(a). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Boepple to a unified term of fourteen years, with a minimum period of confinement of two years, for grand theft and to a concurrent unified term of fifteen years, with a minimum period of

1

confinement of three years, for delivery of a controlled substance. The district court retained jurisdiction, and Boepple was sent to participate in the rider program.

After Boepple completed his rider, the district court relinquished jurisdiction. However, the district court reduced Boepple's sentence for delivery of a controlled substance to a unified term of fifteen years, with a minimum period of confinement of two years. Boepple appeals, claiming that the district court erred by refusing to grant probation. He also argues that his sentences are excessive and constitute an abuse of discretion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Boepple has failed to show that the district court abused its discretion and therefore affirm the orders relinquishing jurisdiction.

Boepple also contends that his sentences are excessive and constitute an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Boepple argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Boepple's case. The record does not indicate that the district court abused its discretion in this case. Accordingly, the sentences are affirmed.

The orders of the district court relinquishing jurisdiction and Boepple's sentences are affirmed.