**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44255**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 354** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 3, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **TIMOTHY L. HASSETT,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jeff M. Brudie, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; MELANSON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Timothy L. Hassett pled guilty to delivery of a controlled substance. I.C. § 37-2732(a)(1)(A). In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Hassett to a unified term of five years, with a minimum period of confinement of two years. The district court retained jurisdiction, and Hassett was sent to participate in the rider program.

After Hassett completed his rider, the district court suspended the sentence and placed Hassett on probation. Thereafter, Hassett admitted to violating the terms of his probation. The district court revoked probation, ordered execution of the sentence, and once again retained

1

jurisdiction. Following completion of Hassett's second period of jurisdiction, the district court relinquished jurisdiction. Hassett appeals, claiming that the district court erred by refusing to grant probation. He also argues his sentence is excessive and constitutes an abuse of discretion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Hassett has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Hassett also contends that his sentence is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Hassett argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Hassett's case. The record does not indicate that the district court abused its discretion in sentencing.

The order of the district court relinquishing jurisdiction and Hassett's sentence are affirmed.