**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45398**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 430 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 19, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| BRIAN LEE CHANCE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael Reardon, District Judge.

Judgment of conviction and unified sentence of eight years with two years determinate for failure to register as a sex offender, <u>affirmed</u>; order relinquishing jurisdiction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

————————————————————————

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

————————————————————————

PER CURIAM

Brian Lee Chance pled guilty to failure to register as a sex offender. Idaho Code §§ 18-8309, 18-8311. The district court sentenced Chance to a unified term of eight years with two years determinate and retained jurisdiction. Following the period of retained jurisdiction, the district court relinquished jurisdiction. Chance appeals asserting that the district court abused its discretion by imposing an excessive sentence and by relinquishing jurisdiction.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district

1

court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Chance has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Chance also contends that his sentence is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

The order of the district court relinquishing jurisdiction and Chance's judgment of conviction and sentence are affirmed.